UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: 05-20539
CIV-LENARD
MAGISTRATE JUDGE SIMONTON

VALRIE HIGGINS,

    Plaintiff,

vs.

CARNIVAL CORPORATION a/k/a
CARNIVAL CRUISE LINES,

    Defendant,
_____/

NOW COMES Plaintiff, VALRIE HIGGINS, through counsel undersigned, and hereby complains against the above named Defendant, CARNIVAL CORPORATION a/k/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL"), as follows:

1. The amount in controversy is in excess of the jurisdictional limits of this Court exclusive of interest and costs. Jurisdiction is proper before this Court based upon a contractual clause within Plaintiff's ticket contract as well as the United States Constitution Article III §2 clause 1 and 28 U.S.C. §1333.

2. That at all times material to this complaint, Plaintiff, VALRIE HIGGINS, was of full age and a citizen of the United States of America and is otherwise sui juris.

3. That at all times material to this complaint, Defendant, CARNIVAL, upon information and belief, was and is a foreign corporation or other business entity organized under the laws of a foreign country or one of the fifty states of



the United States of America and authorized to do business and doing business in Miami-Dade County, State of Florida, and is otherwise sui juris.

4. That on or about May 19th, 2004, Plaintiff was a passenger aboard the CARNIVAL vessel "*Triumph*".

5. That on the date mentioned above, Plaintiff was being transferred from a tender to the vessel *Triumph* and said tender was improperly secured to the vessel causing Plaintiff to fall and sustain deep lacerations upon her leg.

6. At all times relevant to the issues herein, Defendant, CARNIVAL, did have a duty to exercise reasonable care under the circumstances with respect to the safety of its passengers.

7. That Defendant, CARNIVAL, did have knowledge of the existence of the hazardous condition inasmuch as its crew members created the condition and allowed it to exist.

8. That at all times relevant to the issues herein, it was foreseeable to Defendant, CARNIVAL, or should have been foreseeable to Defendant, CARNIVAL, that if it permitted the hazardous condition to exist, that passengers could encounter it and thereby be injured.

9. That as a direct and proximate result of the failure of Defendant to exercise reasonable care under the circumstances for the safety of its passengers, Plaintiff did sustain damages including but not limited to the following:

    (A) Severe lacerations to her leg;

    (B) Medical expenses, past and future;

      (C)    Pain and suffering, past and future;

      (D    Loss of enjoyment of life, past and future; and

      (E)    Loss of wages, past and future.

WHEREFORE, Plaintiff prays for damages in excess of the jurisdictional limits of this Court together with such costs and other further relief as this Court may deem just and further demands trial by jury on all issues triable as of right.

Respectfully submitted.

Dated this 21st day of February, 2005

                            **JEROME G. QUINN, P.A.**
                            ATTORNEY FOR PLAINTIFF
                            WACHOVIA FINANCIAL CENTER
                            SUITE 5120
                            200 S. BISCAYNE BOULEVARD
                            MIAMI, FLORIDA  33131
                            TELEPHONE:   (305) 376-0186
                            FACSIMILE:      (305) 376-0188

BY: _____
      JEROME G. QUINN, JR., ESQUIRE
      FLORIDA BAR NUMBER: 187933

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

05-20539

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Valrie Higgins

**DEFENDANTS**
Carnival Corporation a/k/a Carnival Cruise Lines

CIV-LENARD

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

05CV20539/JAL/Simonton

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jerome M. Quinn, M. Jerome M. Quinn, Esq., 200 S. Biscayne Blvd., Ste. 5120, Miami, FL 33131

**ATTORNEYS (IF KNOWN)**

MAGISTRATE JUDGE
SIMONTON

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☒3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / B☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / B☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / A☐ 535 Death Penalty | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | / B☐ 550 Civil Rights | | | |
| | / B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

General U.S. Maritime Law.

**LENGTH OF TRIAL**
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 2/21/05

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

$150.00   516047
02/24/05