

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20539 CIV-LENARD/SIMONTON

VALRIE HIGGINS,

    Plaintiff,

vs.

CARNIVAL CORPORATION, a/k/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## DEFENDANT, CARNIVAL'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, CARNIVAL CRUISE LINES, a division of CARNIVAL CORPORATION, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1.   Carnival admits it is subject to the *in personam* jurisdiction of this Court for purposes of this litigation. Further, Carnival admits the contract for passage includes a clause selecting the jurisdiction of this Court for this dispute. Except as admitted, denied.

2.   Defendant is without sufficient knowledge to admit or deny, and must therefore deny the allegations contained in Paragraph 2.

3.   For purposes of this litigation only, CARNIVAL admits that it is a foreign corporation, doing business in Miami-Dade County, Florida. The remaining allegations of Paragraph 3 are denied.



4.    Carnival admits the Plaintiff, VALRIE HIGGINS, was a passenger aboard a Carnival vessel pursuant to the terms and conditions of her contract for passage.

5.    Denied.

6.    Paragraph 6 is a statement of law for which no response is required. Further, paragraph 6 is an incomplete and inaccurate statement of the law. Carnival denies any factual allegations included within paragraph 6 of the Complaint.

7.    Denied.

8.    Denied.

9.    Paragraph 9, including subparts (a) through (e), is denied.

WHEREFORE, having fully answered the Complaint, the Defendant demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff.

### AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, CARNIVAL CORPORATION asserts that the negligence, actions and/or misconduct of the Plaintiff were the sole and proximate cause of any and all injuries which are alleged in the Complaint, thereby precluding or diminishing Plaintiff's recovery pursuant to the Doctrine of Comparative Negligence.

CASE NO. 05-20539 CIV-LENARD/SIMONTON

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff's Complaint fails to state a cause of action.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, thereby precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant asserts that the vessel in question is a foreign flag vessel and the law of the flag should apply to some or all of the Plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on her claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

CASE NO. 05-20539 CIV-LENARD/SIMONTON

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were legally caused by the conduct of third parties not subject to the control, supervision or direction of this Defendant, in particular, the owner or operator of the tender, including her crew, involved in the alleged incident, thereby precluding or diminishing Plaintiff's recovery herein.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant alleges this action is controlled by federal maritime law to the exclusion of state law.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

CASE NO. 05-20539 CIV-LENARD/SIMONTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail this 17th day of March, 2005, to: Jerome G. Quinn, Jr., Esq., Jerome G. Quinn, P.A., Wachovia Financial Center, Suite 5120, 200 S. Biscayne Boulevard, Miami, Florida, 33131.

JOHN M. MITCHELL, ESQ.
CARNIVAL CORPORATION
Attorney for Defendant
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
Tel: (305) 599-2600 Ext. 64900

By: _____
JOHN M. MITCHELL, ESQ.
FLA BAR NO.: 0032808